J-S18028-26                    2026 PA Super 181

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                             :          PENNSYLVANIA
                             :
              v.             :
                             :
                             :
                             :
ANDRE BROWN                  :
                             :
           Appellant         : No. 1378 MDA 2025

Appeal from the Judgment of Sentence Entered September 4, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
            No(s):  CP-22-CR-0001403-2023

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

OPINION BY BECK, J.:                    **FILED: AUGUST 11, 2026**

Andre Brown ("Brown") appeals from the judgment of sentence imposed by the Dauphin County Court of Common Pleas ("trial court") following his conviction of one count each of aggravated assault, strangulation, simple assault, and false imprisonment.[1]  On appeal, Brown challenges the legality of his sentence, arguing that his sentences for simple assault and aggravated assault should have merged.  After careful review, we affirm.

Annazette Roberts ("Roberts") was in a relationship with Brown for approximately eleven months.  N.T., 5/21-22/2025, at 26.  At around 6:00 p.m. on March 5, 2023, Roberts went to Brown's residence, where the two drank several beers before going to Brown's bedroom, where they lay down and talked.  *Id.* at 28.  While they were lying in bed, Brown told Roberts that

---

[1] 18 Pa.C.S. §§ 2702(a)(1), 2718(a)(1), 2701(a)(1), 2903(a).

he wanted to have sex. *Id.* at 28, 30-31. When Roberts declined his advances, Brown became angry and demanded that she leave. *Id.* at 28, 31.

As Roberts got off the bed and began to dress, Brown rose from the bed, pushed her onto a nearby chair, and began choking her, repeatedly squeezing her neck with one hand in what Roberts described as a "Marine chokehold." *Id.* at 31-34. When Roberts began to yell, Brown shoved a sock into her mouth to quiet her. *Id.* at 34. After Roberts managed to pull the sock from her mouth, Brown retrieved a pair of scissors from a nearby dresser drawer and cut Roberts' shirt from her body. *Id.* at 28-29, 32–34.

Although Roberts was able to break free from the chair, Brown took hold of her, pushed her onto the bed, and began choking her a second time. *Id.* at 34–35. Roberts rolled over and fell onto the bedroom floor. *Id.* at 35. While Roberts lay on the floor, Brown kicked the left side of her body approximately four times, fracturing three of her ribs, and again began to choke her. *Id.* at 35, 37. Roberts testified that during this third choking episode she was temporarily unable to breathe and lost consciousness for several seconds. *Id.* at 35, 37.

Roberts eventually got up from the floor, fled the bedroom, and ran down the stairs toward the front door of the residence. *Id.* at 35, 37–38. As she descended the stairs, Brown grabbed her from behind by the hair. *Id.* at 35, 38. One of Brown's housemates, Michael Ellis ("Ellis"), opened his bedroom door to find Roberts curled in a ball on the stairs with Brown standing

over her, blocking her path down the stairs.[2] *Id.* at 92–93. After Ellis yelled at Brown to let Roberts go, Brown released her, returned to his bedroom, and began throwing her belongings down the steps at her. *Id.* at 38, 93–94.

Roberts ran down the remaining stairs, out the front door, and down the street to a house a few doors away. *Id.* at 29, 38. At Roberts' request, the woman who lived there called 911, and Roberts described to the operator what Brown had done. *Id.* at 29, 38-40. Roberts was transported by ambulance to the hospital, where she remained for four days. *Id.* at 29-30, 40. As a result of the altercation, Roberts sustained numerous injuries, including bruises and scratches around her eyes, face, lips, neck, throat, clavicle, shoulders, chest, back, and hands; two broken fingernails; and three fractured ribs. *Id.* at 35, 41-52.

The police arrested Brown and the Commonwealth charged him by criminal complaint with simple assault and strangulation, predicating the simple assault on his kicking Roberts in the side. The Commonwealth filed a criminal information, charging Brown with strangulation, simple assault, and false imprisonment. The Commonwealth later moved to amend the information to add the charge of aggravated assault. The trial court granted

---

[2] Ellis described the residence as a rooming house that he shared with four other individuals, including Brown. N.T., 5/21-22/2025, at 87. Although each resident had his or her own bedroom, the residents shared the remaining living spaces, including the living room, kitchen, bathroom, and dining room. *Id.*

the motion.  Relevantly, in the amended information, the Commonwealth only included the elements of the crimes charged.  Following a jury trial, the jury found Brown guilty of aggravated assault, strangulation, simple assault, and false imprisonment.

On September 4, 2025, the trial court sentenced Brown to an aggregate term of three and one-half to seven years of imprisonment.[3]  Brown filed a timely notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Brown's sole issue presented before this Court is as follows: "Did the trial court impose an illegal sentence in failing to merge counts 1 and 3, aggravated assault [18 Pa.C.S. § 2702(a)(1)] and simple assault [18 Pa.C.S. § 2701(a)(1)], when the actions of the simple assault were the bases of the aggravated assault conviction?"  Brown's Brief at 5.

Brown argues that his simple assault conviction must merge with his aggravated assault conviction for two reasons.  *Id.* at 14-15.  First, citing Commonwealth's motion to amend criminal information, Brown contends that the two offenses arose from a single criminal act, the kicking that injured Roberts.  *Id.* at 17 (citing Motion to Amend the Criminal Information,

---

[3]  At count one, aggravated assault, the trial court sentenced Brown to three and one-half to seven years in prison.  At count two, strangulation, the trial court imposed a concurrent sentence of two and one-half to five years in prison.  At count three, simple assault, the trial court imposed a concurrent sentence of one year of probation.  At count four, false imprisonment, the trial court imposed a concurrent sentence of one year of probation.

- 4 -

2/27/2024). Second, he asserts that the elements of simple assault are subsumed within those of aggravated assault. *Id.* at 19.

This claim raises a challenge to the legality of Brown's sentence, for which our standard of review is de novo and our scope of review is plenary. *Commonwealth v. Talley*, 236 A.3d 42, 50 (Pa. Super. 2020).

Section 9765 of the Sentencing Code directs our analysis of whether crimes merge for sentencing purposes:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. "The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009).

This Court has already held that the elements of simple assault under section 2701(a)(1) are included in the crime of aggravated assault under section 2702(a)(1).[4] *Commonwealth v. Boettcher*, 459 A.2d 806, 811 (Pa.

---

[4] A person commits aggravated assault if, in relevant part, he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S. § 2702(a)(1). A person commits simple assault if he "attempts to cause or intentionally, knowingly or recklessly

*(Footnote Continued Next Page)*

Super. 1983); *see also Commonwealth v. Hinds*, 315 A.3d 62, *6 (Pa. Super. 2024) (non-precedential decision) ("The elements of simple assault under [s]ection 2701(a)(1) are subsumed within the elements of aggravated assault under [s]ection 2702(a)(1).").[5]

The only outstanding question then is whether the two convictions arose from a single criminal act. As this Court has explained:

> When considering whether there is a single criminal act or multiple criminal acts, the question is not whether there was a break in the chain of criminal activity. The issue is whether the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime, then the actor will be guilty of multiple crimes which do not merge for sentencing purposes. In determining whether two or more convictions arose from a single criminal act for purposes of sentencing, we must examine the charging documents filed by the Commonwealth.

*Commonwealth v. Steager*, 357 A.3d 137, 145 (Pa. Super. 2026) (citation and paragraph break omitted). The Commonwealth's charging documents include the criminal information, criminal complaint, and affidavit of probable cause. *Commonwealth v. Kimmel*, 125 A.3d 1272, 1277 (Pa. Super. 2015) (en banc). In addition to the charging documents, the court may view the

---

causes bodily injury to another[.]" *Id.* § 2701(a)(1). The Crimes Code defines "bodily injury' as "[i]mpairment of physical condition or substantial pain," and "serious bodily injury" as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 2301.

[5] We may cite non-precedential decisions of this Court filed after May 1, 2019, for their persuasive value. *See* Pa.R.A.P. 126(b).

- 6 -

evidence of record in determining whether the convictions arose out of a single criminal act. **Commonwealth v. Martinez**, 153 A.3d 1025, 1032 (Pa. Super. 2016); **see also Commonwealth v. Navedo**, 356 A.3d 883, *5 (Pa. Super. 2026).

> The affidavit of probable cause stated the following:
>
> On 3/5/23, I was in full police uniform in marked patrol unit 204 assigned to district 4 for 3rd platoon. At approximately 2201 hours I was dispatched to 620 Schuylkill St for an assault in progress. On arrival I observed a female slumped over in front of 622 Schuylkill St. The female was identified as Annazette Roberts. Roberts stated her boyfriend Andre Brown broke her rib[s] and strangled her. Roberts stayed hunched over, yelling in pain, and saying "my ribs." She stated the following. Brown and her where laying in bed in his residence at 636 Schuylkill St. Brown started to touch her and she told him to stop. Brown had been drinking. He took his hands and placed them around Roberts neck to the point she passed out. Brown took scissors and cut her shirt off. Then Brown started to kick Roberts. In her right side repeatedly. She got a hold of the scissors and stab Brown with those scissors in Brown's right ring finger. I observed marks on Roberts left side of her neck. EMS asked Roberts if she ever lost consciousness, at which she stated she blacked out for a second. I observed [] some bruising to be forming on her right side, where Roberts stated Brown kicked her. I am asking for Brown to be charged with 2718 A1; Strangulation and 2701 A1 simple assault.

Affidavit of Probable Cause, 3/6/2023.

In the criminal complaint, the simple assault count was tied to Brown kicking Roberts on her right side, which caused bruising. Criminal Complaint, 3/6/2023, at 3. In the initial criminal information, the Commonwealth merely provided the elements of each crime, mirroring the language in the criminal statutes. Criminal Information, 4/26/2023.

The Commonwealth then filed a motion to amend the criminal information, seeking to add a charge of aggravated assault. Motion to Amend, 2/27/2024, at 1-5 (unnumbered). Specifically, the Commonwealth stated the following:

> It is clear that in this case the charge of aggravated assault derives from the same factual situation as the crime specified in the original criminal information. The defendant is charged with simple assault for kicking the victim in the side multiple times until her ribs broke. This same set of facts support the charge of aggravated assault.

*Id.* at 4-5. The trial court granted the Commonwealth's motion. Trial Court Order, 3/2/2024. Subsequently, the Commonwealth filed an amended information, again only including the elements of each charged crime. Amended Information, 3/11/2024.

In its opinion pursuant to Pa.R.A.P. 1925(a), the trial court agreed with Brown that his simple assault and aggravated assault convictions should have merged for sentencing purposes:

> In the instant matter, the charges against [Brown] for simple assault and aggravated assault both arise out of the same criminal act. In the criminal complaint filed by Officer Alexandrea Umberger on March [6], 2023, the charge of simple assault was based [on] Appellant's act of "kick[ing] the victim, [] Roberts, [on] her right side causing bruising." [] Criminal Complaint, 3/[6]/[20]23, [at] 3. [Brown] was not initially charged with aggravated assault. However, on February 27, 2024, the Commonwealth filed a motion to amend the criminal information to add a charge of aggravated assault against [Brown]. In its motion to amend the criminal information, the Commonwealth stated [the charge of aggravated assault derives from the same factual situation as the crime of simple assault.] Considering that the Commonwealth's charges against [Brown] for aggravated assault and simple assault arose out of the same criminal act, i.e.,

> kicking [Roberts] in her side, th[e trial c]ourt is constrained to agree that these two charges should have merged for purposes of sentencing. Taking this into consideration, [the trial court] concede[s] that it would be appropriate for the Superior Court to vacate [Brown]'s sentence for simple assault rather than remanding the matter to th[e trial c]ourt for resentencing.

Trial Court Opinion, 1/16/2026, at 7-8 (some capitalization omitted).

We respectfully disagree. Although the Commonwealth's motion to amend asserted that the aggravated assault "derives from the same factual situation" as the simple assault, the motion to amend is not a charging instrument. *See Kimmel*, 125 A.3d at 1277; *see also Commonwealth v. Jenkins*, 96 A.3d 1055, 1060 (Pa. Super. 2014) ("We must determine whether [defendant's] actions ... constituted a single criminal act, with reference to elements of the crime as charged by the Commonwealth.") (quotation marks and citation omitted). In viewing the totality of the charging documents—the affidavit of probable cause, criminal complaint, and amended criminal information—we conclude that Brown committed several distinct criminal acts, which separately establish both aggravated assault and simple assault.

Although the amended criminal information charging Brown with distinct crimes of aggravated assault and simple assault merely stated the elements of the respective statutes in setting forth the crimes, the affidavit of probable cause parsed Brown's actions, stating he both choked and kicked Roberts. Affidavit of Probable Cause, 3/6/2023. Either of these separate actions could give rise to a finding of aggravated assault. *See* 18 Pa.C.S. § 2702(a)(1).

Indeed, the trial court found this to be true, as it instructed the jury at the close of trial it could find aggravated assault on either of two bases: that Brown intended to inflict serious bodily injury (the choking), or that he actually caused such injury (the kicking). N.T., 5/21-22/2025, at 188-90. The evidence presented at trial, summarized above, clearly established that Brown both choked and kicked Roberts. *Id.* at 34-37.

Because the jury was charged that the aggravated assault could rest on either act, and jury found Brown guilty of aggravated assault, whether that the jury's verdict relied on the choking or the kicking is unknown. Taking the charging documents and the evidence presented, and the jury charge together as a whole, we conclude that the evidence of record does not establish that the aggravated assault and the simple assault arose from a single criminal act, and the sentences therefore do not merge under 42 Pa.C.S. § 9765. *See Kimmel*, 125 A.3d at 1276-77 (concluding that where the criminal complaint and information set forth generic charges, while the affidavit of probable cause supplied the factual narrative of incident, the documents as a whole delineated separate criminal acts, which was reflected in the trial testimony, and the sentences did not merge); *see also Navedo*, 356 A.3d 883, at *5 (concluding that reviewing the charging documents, including the criminal complaint and information that set forth the charges mirroring the language of the criminal statutes and the affidavit of probable cause that outlined four separate sexual assaults, in conjunction with the evidence of record, established that the

appellant's convictions arose from multiple criminal acts and therefore, the sentences did not merge).

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 08/11/2026